**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

ROYCE LACKEY,

        Plaintiff,

vs.

                                                                          CIV No. 12-902 LH/RHS

HOMESITE INSURANCE COMPANY

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand and Memorandum in Support (Doc. 6), filed September 21, 2012.  The Court, having considered the motion, the briefs of the parties, and the applicable law, concludes that Defendant's Notice of Removal is neither substantively or procedurally defective.  Accordingly, Plaintiff's Motion to Remand is **not well-taken** and will be **denied**.

**I. INTRODUCTION AND BACKGROUND**

Plaintiff filed his Complaint against Defendant Homesite Insurance Company in the Second Judicial District Court in Bernalillo County, New Mexico, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, a violation of the Insurance Code Trade Practices and Frauds Act, NMSA 1978, §§ 59A-15-1, *et. seq.*, a violation of the Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et. seq.*, and negligence.  (Plaintiff's Complaint (Doc. 1, Ex. A) ("Pl.'s Compl.") at 3-7.)  Plaintiff seeks punitive damages with respect to each count of his Complaint and treble damages under the Unfair Practices Act.  (*Id.* at ¶¶ 28, 32, 39, 46.)

Factually, Plaintiff alleges that Defendant issued him a homeowner's insurance policy, No. 30961967, to insure his home and related dwellings, which was in effect on November 13, 2010.  (*Id*. at ¶¶ 6, 8.)  Plaintiff claims that on or about November 13, 2010, two armed men forced their way into his home and detained him at gunpoint for over an hour while they "ransacked and robbed [his] home" and injured him.  (*Id*. at ¶ 11-12.)  Thereafter, Plaintiff made a claim with Defendant for losses sustained during the armed robbery, and Defendant issued Plaintiff a "partial payment" for loss on or about January 6, 2011, in the amount of $2,987.58.  (*Id*. at ¶ 14-15.)  Plaintiff asserts that he contacted Defendant in January and February of 2011 regarding outstanding compensation owed by Defendant but that Defendant did not communicate with him after February 2011.  (*Id*. at ¶ 16.)  Plaintiff's counsel sent three letters to Defendant, on April 18, 2011, June 1, 2011, and July 25, 2011, but Defendant has not responded to such correspondence.  (*Id*. at ¶ 18.)

In his Complaint, Plaintiff asserted that he had prepared and submitted a list of items lost and damaged during the robbery to Defendant.  (*Id*. at ¶ 20.)  According to Plaintiff, he calculated the remaining value of his claim to be "less than $25,000" and the "total claims against [Defendant]" to be "less than $75,000.00.  (*Id*.)

After Plaintiff filed his Complaint in the Second Judicial District Court of Bernalillo County, New Mexico, Defendant removed the matter to this Court on August 22, 2012, asserting federal subject matter jurisdiction on the basis of diversity of citizenship.  (Notice of Removal (Doc. 1).)  In its Notice of Removal, Defendant asserts that diversity of citizenship exists between Plaintiff and Defendant[1] and that the amount in controversy exceeds $75,000.00.  (*Id*. at

---

[1] Plaintiff does not dispute that diversity of citizenship exists.  (Plaintiff's Motion to Remand (Doc. 6) ("Pl.'s Mtn. to Remand"), at ¶ 3.)

¶¶ 3, 7). According to Defendant, it learned through discovery that Plaintiff seeks an award of compensatory damages of at least $30,000. (Notice of Removal, at ¶ 5) (citing Pl.'s Compl., at ¶ 20)). Additionally, Defendant notes that Plaintiff seeks recovery of treble damages and/or punitive damages in addition to more than $11,570.00 in attorney fees. (*Id*. at ¶¶ 5, 6.) Defendant concedes that Plaintiff's Complaint disclaimed recovery of more than $75,000; however, it also explains that "Plaintiff recently refused to admit that he would seek the recovery of more than $75,000.00 and has stated that it is up for the jury to decide the amount of damages," attaching Plaintiff's Response to its Request for Admission as Exhibit B. (*Id*. at ¶ 8.) Defendant maintains that its Notice of Removal was timely – that is, filed within thirty days of the receipt of the document from which it could be ascertained that the case was removable. (*Id*. at ¶ 8, Ex. B.) Plaintiff's Response to Request for Admission No. 1 was served July 25, 2012, and Defendant's Notice of Removal was filed less than 30 days later on August 22, 2012. (*Id*. at ¶ 8.)

Plaintiff insists that the Court lacks diversity jurisdiction, because Defendant has not established the requisite amount in controversy, that Defendant's Notice of Removal was untimely, and that this matter must therefore be remanded to state court.

## II. LEGAL STANDARD

An action is removable if the federal district court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). It is the obligation of the removing party to establish the subject matter jurisdiction of this federal court. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). It is "well-established that statutes conferring jurisdiction upon federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals. *Pritchett v. Office Depot, Inc*., 404 F.3d 1232, 1235 (10th

Cir. 2005).  Consequently, there is a presumption against removal jurisdiction.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Recently, the Tenth Circuit explained that a "defendant must affirmatively establish jurisdiction by proving jurisdictional facts that ma[ke] it possible that $75,000 [is] in play." *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).  According to the Tenth Circuit, a defendant may rely upon the following means to establish the amount in controversy:  1) an estimate of the potential damages from the facts and theories alleged in the complaint; 2) other documentation that provides a basis for determining the amount in controversy, such as answers to interrogatories, affidavits or other evidence; and 3) the plaintiff's proposed settlement amount if it appears to reflect a reasonable estimate of the plaintiff's claim.  *See id.* at 955-56.

## III. ANALYSIS

In his Motion to Remand, Plaintiff contends that Defendant's Notice of Removal is both substantively and procedurally defective.  More specifically, he contends that Defendant fails to establish the requisite amount in controversy and that it failed to remove the matter within either of the 30-day periods set forth in 28 U.S.C. § 1446(b).  Defendant, in contrast, maintains that the removal of this matter is both timely and proper.

### A. Amount in Controversy

Plaintiff argues that Defendant's Notice of Removal is substantively defective, because it fails to establish that the amount in controversy exceeds $75,000 and therefore fails to establish that the Court has diversity jurisdiction over this matter.  (Plaintiff's Motion to Remand (Doc. 6) (Pl's Mtn. to Remand"), at ¶ 5.)  Plaintiff explicitly asserts in his Complaint that the "total remaining value of his claim is less than $25,000, and that his total claims against [Defendant] are less than $75,000.00."  (Pl.'s Compl., at ¶ 20.)

Regardless of plaintiff's attempt to limit the amount in controversy in his pleadings, federal diversity jurisdiction may nevertheless be proper, as a Plaintiff's attempt to limit damages is not dispositive. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245, 1247 (10th Cir. 2012). However, defendants seeking to remove a matter under 28 U.S.C. §1332(a) "face a more strenuous burden if the plaintiff requests undefined damages or damages below the jurisdictional minimum." *Id.* In such cases, a removing defendant "must 'prove . . . jurisdictional facts by a preponderance of the evidence to remain in federal court." *Id.* (citing *McPhail*, 529 F.3d 947, 955 (10 Cir. 2008)).[2]

The Tenth Circuit has outlined the methods that a defendant may use to prove the requisite jurisdictional facts to establish the amount in controversy. *See McPhail*, 529 F.3d at 954. In *McPhail*, the court held that a defendant may do so by:

> contentions, interrogatories or admissions in state court, by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*Id.* In establishing the amount in controversy, the court has emphasized that "the preponderance of the evidence standard applies to jurisdictional facts, not jurisdiction itself." *Id.* at 954.

A number of documents have been submitted to the Court for its consideration in deciding Plaintiff's Motion to Remand. Defendant included with its Notice of Removal a copy of Plaintiff's Complaint (Ex. A), Plaintiff's Response to Defendant's First Request for Admissions in which Plaintiff declined to stipulate as to the amount in controversy, declaring

---

[2] The Court recognizes that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("the JVCA") may modify the analysis somewhat on future motions to remand. *See* 28 U.S.C. §1446(c)(2). However, because this case was filed before the JVCA's effective date, the Court need not consider application of the Act. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 n.2 (10th Cir. 2012).

instead that "[d]amages are to be determined by the jury/trier of fact (Ex. B), and Plaintiff's Supplemental Response Defendant's First Set of Interrogatories and First Requests for Production of Documents in which Plaintiff provided his calculation of attorneys' fees (Ex. C). Additional documents, such as Plaintiff's December 6, 2011 discovery responses and Plaintiff's April 6, 2012 settlement offer, discussed hereinafter, were actually submitted by Plaintiff as exhibits to his Motion to Remand but then referenced and relied upon by Defendant in its responsive briefing. (*See, e.g*., Defendant's Response (Doc. 9) (Def.'s Resp."), at 7-9 (referencing Exs. 5 & 6 to Pl.'s Mtn. to Remand in support of its position that Plaintiff was seeking compensatory damages of approximately $30,000).) Plaintiff urges the Court *not* to consider the documents that he attached to his Motion to Remand in evaluating the amount in controversy, because, as he puts it, "it is Defendant's burden to establish the existence of jurisdiction *at the time the Notice was made*." (Pl.'s Mtn. to Remand, at 13.) Plaintiff argues that "the Tenth Circuit's plain language in *Laughlin* and *Martin* indicate that any evidence or economic analysis of the Plaintiff's claims submitted after the notice of removal do not establish the existence of jurisdiction at the time the notice was made." (*Id*. at 13.)

      To the contrary, however, the Tenth Circuit has abandoned its previous conclusion that a court should not consider documents filed subsequent to a notice of removal. In *McPhail*, the court noted that "there may not be time to produce more evidence in federal discovery before the court decides to rule" on a motion to remand and that, "[i]f the judge holds a hearing under Rule 12(b)(1), the defense can present evidence." *McPhail*, 529 F.3d at 953; *see also Aranda v. Foamex Int'l*, No. 12cv405 JB/ACT, 2012 WL 2923183 (D.N.M. July 11, 2012) (reasoning that "post-removal evidence can assist the Court, clarify what the amount was in controversy when the case was removed, and avoid the 'serious abuse' with which the Tenth Circuit has been

concerned").  *But see Hernandez v. Safeco Insur. Co. of Amer.*, No. 11cv0245 JAP/CG Memorandum Opinion and Order (Doc. 33) (D.N.M. Sept. 8, 2011) (concluding, without reference to *McPhail* or its progeny, that "a court cannot consider post-removal documents in determining the amount in controversy").

Thus, post-*McPhail* it is permissible for a court in this circuit to consider documents submitted after removal which relate to the amount in controversy.  *See McPhail*, 529 F.3d at 953.  While Plaintiff is correct that some of the documents now before the Court were actually in existence at removal but not attached to Defendant's Notice of Removal, the Court nevertheless considers these documents now – both those submitted by Defendant and those submitted by Plaintiff – in deciding Plaintiff's Motion to Remand, as they provide a more complete picture of the amount truly in controversy.  Notably, although Defendant did not submit such documents to the Court itself, it *did* indicate in its Notice of Removal that its calculation of the amount in controversy was derived from discovery received from Plaintiff, (Notice of Removal, at ¶ 5), and it also referenced these documents in its Response to Plaintiff's Motion to Remand, *see infra* note 2.

Indeed, in its Notice of Removal Defendant represents that it "learned through discovery that Plaintiff seeks an award of compensatory damages of at least $30,000.00." (*Id*.)  Defendant also notes that Plaintiff seeks recovery of treble and/or punitive damages in his Complaint.  (*Id*.) Finally, Defendant reports that Plaintiff claims $11,570.00 in attorney fees as of August 3, 2012, attaching Plaintiff's Response to Request for Admission No. 1 in support of such figure. (*Id*. at ¶ 6 & Ex. C).  By adding compensatory, treble and/or punitive damages to the claimed attorney fees, Defendant maintains that it has established the requisite amount in controversy of more than $75,000.

As Plaintiff notes in his Motion to Remand, however, Defendant references paragraph 20 of Plaintiff's Complaint in support of its assertion that Plaintiff seeks at least $30,000 in compensatory damages. (*See id*. at ¶ 5.)  Yet paragraph 20 fails to support such an assertion, indicating instead that Plaintiff "calculates the total remaining value of his clam [to be] *less than $25,000*."  (Pl.'s Compl., at ¶ 20) (emphasis added).   Plaintiff argues that because Defendant cited to the Complaint, rather than to any particular discovery document, Defendant has failed to demonstrate by a preponderance of the evidence that Plaintiff's claims exceed $75,000.

Once again, however, the language of Defendant's Notice provides that it "learned through discovery," not through Plaintiff's Complaint, that Plaintiff seeks at least $30,000 in compensatory damages. (Notice of Removal, at ¶ 5.)  This suggests that Defendant's reference to paragraph 20 of the Complaint may have simply been a citation error.  Although it would perhaps have been more helpful and accurate for Defendant to attach and cite to particular discovery responses from Plaintiff,[3] such an oversight does not in itself render removal improper or defeat diversity jurisdiction, where such discovery responses have since been provided to the Court and briefed by the parties.  *See Aranda*, No. 12cv405 JB/ACT, 2012 WL 2923183, at *17 (noting that "[t]he Seventh Circuit, upon which the Tenth Circuit heavily relied in *McPhail v. Deere & Co*., has characterized the burden on a [removing] defendant as a 'pleading requirement, not a demand for proof,'" citing *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011)).

Although Plaintiff is quick to seize upon Defendant's apparent error in citation, exhibits

---

[3] Defendant attempts to clarify in its Response to Plaintiff's Motion to Remand that the statement in the Notice of Removal indicating that it had "learned through discovery" that Plaintiff sought compensatory damages of approximately $30,000 was based in part on Plaintiff's December 6, 2011 discovery responses and in part on Plaintiff's April 6, 2012 settlement offer.  (*See* Def.'s Resp., at 7-8) (referring to Exhibits 5 and 6 to Plaintiff's Motion to Remand).

attached to his own Motion to Remand actually suggest that there *is* more than $75,000 in controversy. First, Plaintiff attaches discovery responses that he served on December 6, 2011, in which he indicated in response to Defendant's inquiry regarding damages claimed that a claims adjuster for Homesite had prepared a spreadsheet listing Plaintiff's claims. (Pl's Mtn. to Remand, at 8 & Ex. 5.) In response to a separate request for admission, Plaintiff noted that the adjustor's spreadsheet valued his loss at $38,049.00 minus $2,987.58 paid by Homesite in January 2011, which would leave an outstanding claim for compensatory damages of $35,061.42. (*See id.*) Notably, unlike in his Complaint, Plaintiff makes no mention in his December 6, 2011 discovery responses of items lost but not covered by the policy or of a deductible owed by Plaintiff which would reduce the damages sought from Defendant. (*See* Pl.'s Mtn. to Remand, Ex. 5, at 2.) As such, the December 6, 2011 discovery responses provide some evidence that more than $25,000 in compensatory damages is sought.

Additionally, in the context of punitive damages, the Tenth Circuit has indicated that in satisfying his burden on removal a defendant need not prove that a plaintiff is more likely than not to actually recover punitive damages, but rather that 1) state law permits punitive damages for the claims in question; and 2) the total award, including compensatory and punitive damages, could exceed the jurisdictional amount. *Frederick*, 683 F.3d at 1248. Applying the same analysis to Plaintiff's claim for treble damages, the Court notes that New Mexico state law permits recovery of treble damages for willful violations of the Unfair Practices Act. *See* NMSA 1978, § 57-12-10(B). Furthermore, Plaintiff has alleged that Defendant willfully engaged in unfair, deceptive, and unconscionable trade practices and has included both treble and punitive damages in its prayers for relief. (Pl.'s Compl., at ¶ 41, 46.) Considering the discovery documents suggesting that Plaintiff seeks more than $30,000 in compensatory damages, it is

reasonable to conclude that treble damages in the amount of $90,000 are in controversy.

Plaintiff also attaches to his Motion to Remand an April 6, 2012 letter, in which he indicates that he is seeking $25,836.62 in compensatory damages as well as attorneys' fees and treble and/or punitive damages. (Pl.'s Mtn. to Remand, Ex. 6.). Although Plaintiff makes an offer to settle for $74,900.00, just under the jurisdictional threshold, it is notable that treble damages based on the compensatory damages detailed in the letter would put Plaintiff's total damages claim at $77,509.86 even before attorney fees. Plaintiff himself declares that this "written settlement offer clearly established that the amount at stake exceeded the jurisdictional minimum." (Pl.'s Mtn. to Remand, at 10.)

Moreover, the Court considers Plaintiff's refusal to stipulate that his damages were less than $75,000 to be relevant evidence of the amount in controversy. *See McPhail*, 529 F.3d at 956-57 (considering the plaintiff's admission that her actual damages "may very well be" greater than $75,000 in affirming the district court's decision that the defendant had proved the jurisdictional facts necessary to establish that more than $75,000 was in controversy); *Hannah v. Miller*, 163 F. Supp. 2d at 1306 (reasoning that "courts may consider . . . a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount); *Aranda*, No. CIV-12-0405 JB/ACT, 2012 WL 2923183, at *17 (reasoning that a refusal to stipulate that the amount in controversy is less than $75,000 is relevant evidence to be considered on a motion to remand, because "otherwise, it encourages plaintiffs to play games with the Court and the defendant").

Plaintiff argues against consideration of his refusal to stipulate, noting that Judge Baldock, sitting by designation for the District of New Mexico in *Varela v. Wal-Mart Stores, East, Inc*., 86 F. Supp. 2d 1006 (D.N.M. 2000), declined to "draw a negative inference from [the

plaintiff's] refusal to stipulate to a cap on damages." (Pl.'s Mtn to Remand, at 14). It is significant, however, that Judge Baldock declined to draw such a negative inference from the refusal to stipulate in *Varela* "*in the absence of any proof that her claims exceed[ed] the required amount in controversy*." *Varela*, 86 F. Supp. at 1112. In contrast, independent evidence exists here to suggest that Plaintiff's claims exceed the jurisdictional threshold. As a result, the Court considers Plaintiff's refusal to stipulate to support the independent evidence, discussed herein, which suggests that more than $75,000 is in controversy.

Finally, Defendant attaches to its Response to Plaintiff's Motion to Remand, an amended complaint drafted by Plaintiff and mailed to Defendant around the time of removal. (*See* Def.'s Resp., Ex. D.) Notably, the draft complaint omits paragraph 20, which previously included Plaintiff's disclaimer of the jurisdictional amount. (*See id.*)

Given the information and figures provided by Defendants in their Notice of Removal and supported by exhibits submitted by the parties to the Court thereafter, Defendant has met its burden to prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy, to include compensatory damages, treble and/or punitive damages, and attorneys' fees, may exceed the jurisdictional minimum. Basically, compensatory damages of either $25,836.62 or $30,000 multiplied by three and added to $11,570.00 in attorney fees clearly exceeds $75,000. Additionally, Plaintiff has refused to stipulate that $75,000 or less is in controversy and has omitted its previous disclaimer of the jurisdictional amount from its draft amended complaint. Accordingly, the Court concludes that more than $75,000 is in controversy and that the Court has diversity jurisdiction over this matter.

### B. Timeliness

Plaintiff argues that Defendant's Notice of Removal is procedurally defective because

Defendant failed to timely remove within either of the 30-day periods set forth in 28 U.S.C. § 1446(b). (Pl.'s Mtn. to Remand, at 5.) Section 1446(b)(1) provides that a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." § 1446(b)(1). Alternatively, if the case stated by the initial pleading is not removable, § 1446(b)(3) permits a defendant to remove the case "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). Notably, Defendant bears the burden of establishing the right to removal, including compliance with the requirements of § 1446(b). *Dawson v. Orkin Exterminating Co.*, 736 F. Supp. 1049, 1050 (D. Colo. 1990). Furthermore, removal statutes are to be strictly construed, and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331 (10th Cir. 1982).

Here, Defendant suggests that this matter, as stated in Plaintiff's Complaint, was not initially removable, because the amount in controversy was not sufficient to establish diversity jurisdiction. (*See* Notice of Removal, at ¶ 9.) Defendant notes that Plaintiff "initially disclaimed recovery of more than $75,000 in his Complaint." (*Id.* at ¶ 8.) Indeed, as discussed above, Plaintiff's Complaint includes an assertion that "the total remaining value of his claim is less than $25,000, and that his total claims against Homesite are less than $75,000.00." (Pl.'s Compl., at ¶ 20.)

Plaintiff, in support of his position that Defendant's removal was untimely, claims that Defendant knew that this case was "potentially removable" at three different points: 1) when Defendant was served with the initial Complaint on September 2, 2011; 2) when Defendant was

12

served with Plaintiff's initial discovery responses on December 6, 2011; and 3) when Defendant received Plaintiff's written settlement demand on April 6, 2012. (Pl.'s Mtn. to Remand, at 10.) Defendant, on the other hand, insists that the explicit disclaimer of the recovery of more than $75,000 in Plaintiff's Complaint prevented it from removing the matter until the time when Plaintiff refused to reaffirm that disclaimer when he responded to a specific Request for Admission on July 25, 2012, ultimately making it more likely than not that more than $75,000 was in controversy. (Def.'s Resp., at 6.)

The Court recognizes some inconsistency in Plaintiff's position –that the jurisdictional threshold has not been established by a preponderance of the evidence but that Defendant could have ascertained that Plaintiff's damages exceeded $75,000 when the Complaint was filed or as early as December 2011. More importantly, for the reasons discussed hereinafter, the Court concludes that Defendant properly removed the matter within thirty days after receipt of the paper from which it could be ascertained that the case had become removable.

First, the Court concludes that Defendant was not required to remove this matter within thirty days of service of the initial pleading, as "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998). Given Plaintiff's explicit assertion in his Complaint that no more than $75,000 was in controversy, this matter was not removable upon service of that Complaint.

Relying on § 1446(b)(3), Defendant argues instead that it could first be ascertained that the matter was removable on July 25, 2012, when Plaintiff served his Response to Defendant's Request for Admission No. 1. (Def.'s Resp., at 6.) In that Request for Admission, Defendant asked Plaintiff to stipulate that his total aggregate damages were no more than $75,000. (Pl.'s Mtn. to Remand, Ex. 4). Plaintiff objected to the request on multiple grounds, including that

13

damages would ultimately be determined by a jury at trial, but did not make the requested stipulation. (*Id.*) Defendant argues that Plaintiff's July 25, 2012 refusal to stipulate as to the amount in controversy was when it could first ascertain that Plaintiff was indeed abandoning his previous assertion that no more than $75,000 was in controversy.

In order for the thirty-day period for removal to be triggered, the Tenth Circuit requires "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998). Thus, even if a defendant might "reasonably conclude" from the facts available that the amount in controversy could exceed $75,000, the period for removal is not triggered absent clear and unequivocal notice of the right to removal. *See id.* at 1036. In adopting the "clear and unequivocal standard," the Tenth Circuit has explicitly rejected standards adopted by other jurisdictions imposing a duty to investigate and determine removability where the pleading or paper indicated that the right to removal *may* exist. *Id*.

Given that the thirty-day period for removal does not begin to run in the face of an ambiguous amount in controversy in the initial pleading, there can be no question that the period for removal also does not begin to run when the plaintiff explicitly disclaims damages of more than the jurisdictional amount. Moreover, although the Court considers Plaintiff's December 1, 2011 interrogatory responses and his April 6, 2012 settlement offer as evidence of the amount in controversy, neither "paper" constituted "clear and unequivocal" notice of the removability of the matter when considered in conjunction with Plaintiff's specific representation in his Complaint to the contrary. Defendant explains that these documents, however, did cause it to anticipate that Plaintiff *might* be seeking more than $75,000, which was the impetus for it drafting a specific request for admission that would help it to make a more conclusive

14

determination as to the amount in controversy.  Under these circumstances, the Court agrees with Defendant that the first "paper" making it clearly and unequivocally aware that the matter was removable was Plaintiff's July 25, 2012 Response to Defendant's Request for Admission, where he refused to stipulate or reaffirm his previous assertion that he was seeking no more than $75,000.  Finally, the Court notes that granting Plaintiff's Motion to Remand on the basis of untimeliness would perhaps reward the practice of limiting damages to an amount below the jurisdictional threshold but reserving the option to abruptly change course upon the expiration of the time for removal.

For all of these reasons, the Court concludes that Defendant's removal of this matter was timely and in accordance with 28 U.S.C. § 1446(b).

### C. Attorney Fees

In his Motion to Remand, Plaintiff requests fees and costs under 28 U.S.C. § 1447(c).  Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  The Court finds that Defendant had an objectively reasonable basis for removal.  Therefore, the Court will not award Plaintiff's attorney fees under § 1447(c).

### IV. CONCLUSION

The Court concludes for the reasons stated herein that Defendant's removal of this matter was both timely and proper.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc.

6) is not **well-taken** and is now hereby **denied.**

    **IT IS SO ORDERED.**

                                                _____
                                              SENIOR UNITED STATES DISTRICT JUDGE